## Bristow *vs* Sullivan, two cases.

ERROR TO THE FRANKLIN CIRCUIT.

*Justices of the Peace.    Fees.    Fines.    Motions.*

JUDGE MARSHALL delivered the opinion of the Court.

MOTION.

Case 32.

Oct. 11.

The case stated.

THESE were two motions made upon notice in the Circuit Court, against Bristow, a Justice of the Peace, for the penalty annexed by statute for receiving fees not authorized by law.

The notice of J. Sullivan alledges as the foundation of his motion, the illegal exaction and receipt from him by the defendant, of fifty cents for taking the acknowledgement of Jinsey Sullivan to a deed made by the plaintiff and said Jinsey.   The charge was sustained by no other proof but a receipt executed by Bristow, acknowledging payment by Horace Sullivan of $2 62½, for services as a Justice of the Peace, in swearing Commissioners, for swearing Sullivan and others to an answer in chancery, "also fifty cents balance due for taking acknowledgment of deed," and 12½ cents for issuing execution vs. T. A. Duvall, and by oral proof that Horace Sullivan had demanded to know what he owed the defendant, avowing his intention to pay, and warning him that if any illegal charges were made, he would enforce the law against him, and that thereupon the receipt was made out and signed, and the money paid, and that the fifty cents was for taking the acknowledgment of a deed.

Upon this evidence the Court rendered judgment against the Justice for fifteen dollars; the statutory penalty

Judgment of the Circuit Court.

BRISTOW
*vs*
SULLIVAN.

for the receipt by a Justice of the Peace, of a fee for any service not specified in the act; (1 *Stat. Law*, 694-5.) But although upon inspection of the statute, it is apparent that a Justice is allowed no fee for taking and certifying the acknowledgment of a deed, and that by receiving a fee for such service he incurs the penalty of fifteen dollars; and although it clearly appears in this case, that he did receive from H. Sullivan fifty cents for taking the acknowledgment of a deed, yet it is not proved, nor can it be inferred from the evidence, that the fifty cents mentioned in this receipt and paid by H. Sullivan, and spoken of by the witness, was charged to and exacted from the plaintiff, James Sullivan, for taking the acknowledgment of Jinsey Sullivan to the deed specified in the notice, and there is in fact no proof of any such deed or service, or charge, or payment. If the proof in this case is sufficient to support the claim made in this notice, the same proof would equally support the claim of any other party for taking the acknowledgment of any other deed.

*A Justice of the Peace is not bound to attend the call of individuals to distant parts of the county to take acknowledgment of deeds or perform other private services, unless paid for his trouble. But if such compensation, as an individual, is not exacted, he cannot afterwards charge for it as official dues.*

The judgment in favor of James Sullivan is, therefore, reversed, and the cause remanded, with directions to dismiss the notice. And we observe, in reference to facts brought out by the defendant in this case, and also in the other, that although a Justice of the Peace not being bound, at the call of individuals, to go to a distant part of the county to take the acknowledgment of a deed or perform other private services, may refuse to go unless paid for his trouble and loss of time, yet if he does go without present payment or stipulation for future payment, required expressly as a private individual for his trouble and loss of time, and not required as payable in virtue of his office and his legal right to charge for official services, he has no right afterwards to demand and receive, under color of his office and his official rights, any sum whatever, for any such service, for which the law allows him no specific fee.

*In motions against Justices of the Peace for illegal charges, as such the allegations and proof*

The notice and motion of Horace Sullivan are founded upon a receipt precisely identical in every particular, with that already stated in the case of James Sullivan, except that as copied in this record, it purports to be a receipt of money from Horace H. Sullivan, while in the other it is

from Horace Sullivan, *without the intermediate* H. *and it* is to be observed, that there is no such intermediate letter in the name of the plaintiff, Horace Sullivan, as stated at the head of this record. If the receipt used in each case should be in fact the same, this will be a strong illustration of the propriety of the rule that the proof and allegation must correspond, and of the grounds on which the judgment in favor of James Sullivan is reversed.

The notice in the case of H. Sullivan states four items of illegal charges, viz:

1. For swearing Commissioners, &c. $1 00
2. For swearing plaintiff and others to answer in chancery, 1 00
3. For taking acknowledgment of Mrs. —— Bartlett to deed, &c. 50
4. For issuing execution vs. T. A. Duvall, for less than 25 shillings, 12½

$2 62½

and demands the penalty of $15 for each item, making altogether $60. *The proof identifies these items as being* the same referred to in the receipt, and shows the same circumstances attending the demand and payment of what was due, that have been already stated. The evidence also conduces to prove that some of the services were attended with extra trouble and loss of time, which the Justice was not bound to incur, but no special agreement was proved, and there could have been no extra trouble in the last item of service, for which a charge could have been made, even by agreement. The Circuit Court having on these facts, rendered a judgment in favor of the plaintiff for $15; Bristow seeks a reversal by writ of error, and H. Sullivan assigns cross errors, complaining that the judgment should have been for $60, or for more than $15. Upon reference to the statute, (*Stat. Law*, 694–5,) it appears that neither of the items of service specified in the notice and referred to in the receipt, except that for issuing executions, is specified in the act; and that for issuing execution on a judgment under 25 shillings, the Justice is expressly prohibited from making any charge. It follows, therefore, that each of the char-

ges contained in the receipt was illegal, and that by receiving a fee under color of official right, for either of the services referred to, the Justice incurred the penalty denounced by the statute; and the conclusion cannot be avoided, that upon the facts of this case, he was liable at least to the single penalty of $15, and therefore, the judgment against him cannot be reversed on his writ of error.

But it does not follow that because the reception of a fee for either of these services separately, would subject the Justice to the penalty, the reception of an aggregate sum for several illegal charges, subjects him to a cumulative penalty, to be found by distributing the aggregate sum among the several illegal charges, and attaching the prescribed penalty to each. The statute does not, in terms, impose a penalty in all cases, for each illegal item in the fee bill of a Justice, but in the clauses immediately applicable to this case, describes the offence as consisting in receiving a greater fee for any service than is allowed, and in receiving a fee for any other service than is specified in the act; and under the strict construction which a statute so highly penal should receive, we are inclined to the opinion that where there is but one receipt of illegal fees, there is but one offence and one penalty.

Wherefore, upon the original and cross errors, the judgment is affirmed.

*Hewitt and Herndon* for plaintiff: *Morehead & Reed* for defendant.